Heartt agt. Livingston.

# SUPREME COURT.

## Jonas S. Heartt and others agt. Louise P. W. Livingston and others.

*Will — construction of — Codicil disinheriting a child and revoking a devise as to him — its effect on the will — who takes his share — residuary clause — effect of codicil on same.*

The eighth clause of the testator's will is as follows: "After the payment of my just debts and funeral charges I give and bequeath the rest and residue of my property, real and personal, of every kind and description, to my four children, Mary Wright Heartt, Charles S. Heartt, Jonas S. Heartt and Jane Lamberson, the wife of Edward Schell, to be equally divided between them, share and share alike."

The ninth clause declares: "In the event of any of my children dying, or either of them, before a division of my estate, leaving issue, then the share or shares to which he, she or they respectively would be entitled to under and by virtue of this will shall go to his, her or their issue respectively."

By a codicil to the will the testator says: "Whereas I, Jonas C. Heartt of the city of Troy, county of Rensselaer and state of New York, have made my last will and testament, in writing executed the 10th day of February, in the year 1870, in which I have made certain devises and bequests to Charles S. Heartt; now, therefore, I do, by this writing, which I hereby declare to be a codicil to my said last will and testament, and to be taken as a part thereof, revoke and cancel the devises and bequests, and each and every of them embraced in my said will to the said Charles S. Heartt."

The will bears date February 10, 1870, and the codicil thereto January 14, 1874. Charles S. died before the father, and on or about the 4th day of March, 1874, leaving one child the defendant Louise P. W. Livingston. The testator had at the time of making the will and codicil four children, to wit, Jonas S. (the plaintiff) and Mary W. and Jane L. (two of the defendants) and Charles S., aforesaid; and at the time of his death the said three children and Mrs. Livingston, the daughter of his deceased son Charles, were his only descendants:

Heartt agt. Livingston.

*Held*, that, reading the codicil as a part of the will and as an amendment thereof, which both the law and the language thereof declare must be done, all devises and bequests to Charles are to be eliminated therefrom, the plain effect of which is to devise the residue of the estate to the remaining children, Jonas S., Mary W. and Jane L.

When a testator has four children to provide for and gives to them the entire estate, share and share alike, and then by a codicil disinherits the one and revokes the devise as to him, the remaining three take the whole; and when a testator having but four children, by the residuary clause of the will gives such residue to the four equally, and then by codicil revokes the devise to the one, the other three take the whole. As amended by the codicil the will gives all to the three instead of the four.

Although, as the will reads without the codicil, the proportion of each of the four named in the residuary clause would be one-quarter, yet this result is not expressed in words, and the question is not what was the original intention of the testator, but what did he intend when he made the codicil? That intention is to be gathered from the words of the will as it will read after an amendment which strikes out one name. So reading this will, as amended by the codicil, the devise is of all the residue to the three, as no words remain which limit the share of each one of the three to one-quarter of the whole.

The ninth clause of the will makes no independent devise to Mrs. Livingston or any of the grandchildren. If the child would, if living, have taken nothing under the will, then the issue can take nothing. By the will, as amended by the codicil, Charles S. would have taken nothing; and as he could not, Mrs. Livingston cannot.

In addition to the provision made for Mary W. by the residuary clause in the will, that instrument, in its first clause, declares: " I give and bequeath to my daughter Mary W. the use and occupation of the lot and dwelling-house in which I now reside, No. 67 First street, together with all the vacant ground connected thereto, being sixty-six feet eight inches of front on First street and 130 feet deep, together with all the out-buildings on the same; also all my household furniture, beds, bedding, silver plate, books, fixtures, as well as every other kind of personal property which may be on the premises of my residence at the time of my decease and belonging to me, except such articles as I may hereinafter dispose of."

The next clause sets apart securities enough to produce an income annually of $5,000 to be paid to the said Mary W. in monthly, quarterly or half-yearly payments, as she may elect, to keep up the establishment and pay taxes and insurance so long as she may occupy the premises given to her by the first clause. For how long a period of time she should have the use of the homestead the will did not provide, and the first

clause in the will is the *only devise* to her of any *specific* real estate whatever.

The codicil then provides: "I also hereby declare that *the* devise of real estate in my said will to my daughter Mary W. is a devise of the same to her for her natural life; and *such* devise to her for all real estate contained in my said will is to be construed and to have effect as a devise of the same to her for her natural life."

*Held,* that the devise of the homestead contained in the first clause of the will to Mary W. is limited, by the codicil, to her life.

*Held,* also, that as to Mary W. the residuary clause of the will is undisturbed by the codicil.

*Rensselaer Circuit,* 1876.

ACTION to construe the will of Jonas C. Heartt.

*Charles E. Patterson,* attorney for plaintiffs.

*E. Cowen,* of counsel for Mrs. Schell.

*John B. Gale,* for Mrs. Livingston.

WESTBROOK, *J.* — The will of the testator bears date the 10th day of February, 1870, and the codicil thereto January 14, 1874. Charles S. Heartt, a son of the testator, and concerning a devise to whom in the original will the principal question in this cause arises, died before the father, and on or about the 4th day of March, 1874, leaving one child, the defendant Louise P. W. Livingston. The testator had, at the time of making the will and codicil, four children, to wit, Jonas S. Heartt (the plaintiff) and Mary Wright Heartt and Jane Lamberson Schell (two of the defendants), and Charles S. Heartt, aforesaid ; and at the time of his death, the said three children and Mrs. Livingston, the daughter of his deceased son Charles, were his only descendants.

The eighth clause of the will is as follows: "After the payment of my just debts and funeral charges, I give and

bequeath the rest and residue of my property, real and personal, of every kind and description, to my four children, Mary Wright Heartt, Charles S. Heartt, Jonas S. Heartt and Jane Lamberson, the wife of Edward Schell, to be equally divided between them, share and share alike."

The ninth declares: "In the event of any of my children dying, or either of them, before a division of my estate, leaving issue, then the share or shares to which he, she, or they respectively would be entitled to under and by virtue of this will, shall go to his, her, or their issue respectively."

By the codicil to the will, the testator says, "Whereas, I, Jonas C. Heartt of the city of Troy, county of Rensselaer, and state of New York, have made my last will and testament in writing, executed the 10th day of February, in the year 1870, in which I have made certain devises and bequests to Charles S. Heartt ; now, therefore, I do, by this writing, which I hereby declare to be a codicil to my said last will and testament and to be taken as a part thereof, revoke and cancel the devises and bequests, and each and every of them embraced in my said will to the said Charles S. Heartt."

The first question which arises upon the construction of the clauses of the will and codicil just given is, what becomes of the share, which in the original will was bequeathed to Charles ?   Does it go to the daughter of Charles, under the ninth clause ?   Or is it to be regarded as undevised, and go to the heirs at law, generally ?   Or is it disposed of by the residuary clause (the eighth) to the three other children ?

Without attempting any lengthy discussion of the questions, the intention of the testator seems quite clear.   Reading the codicil as a part of the will, and as an amendment thereof, which both the law and the language thereof declare must be done, all devises and bequests to Charles are to be eliminated therefrom, the plain effect of which is to devise the residue of the estate to the remaining children, to wit, Jonas S. Heartt, Mary Wright Heartt and Mrs. Schell.   When a testator has four children to provide for, and gives to them

the entire estate, share and share alike, and then by a codicil disinherits the one, and revokes the devise as to him, it is clear the remaining three take the whole. And when a testator having but four children, by the residuary clause of the will gives such residue to the four equally, and then by codicil revokes the devise to the one, it seems equally clear that the other three take the whole. As amended by the codicil, the will gives all to three, instead of the four.

It is strenuously urged, however, that the devise to Charles S. Heartt being only revoked by the codicil, such revocation would not enlarge that made to others, who each took only a fourth by the original will and this would leave what was originally intended for Charles undevised. This argument is based upon a wrong assumption. It is true that the testator intended originally to devise the residue among the four equally, but that does not prove that his intention as to the three remained the same when the will was changed by codicil. His intent must be then ascertained by reading the will as altered. Though he meant at first that Jonas, Mary and Mrs. Schell should have only a one-fourth part each of the residuary estate, yet when the codicil was made, he may have intended that their share should be one-third each. It is true the codicil in words does not enlarge the devise to the three, but it may, by striking out words and phrases from the will, make the latter instrument so read as to enlarge the original devise to them. Has it done this? This is the question we are to consider. The devise in the will is not of one-quarter of the residue of the estate, in words, to each one of the four children by name, in which case, if the devise of the one-quarter to one of the four had been revoked, it might have been plausibly argued, that as the remaining three were each by express words of limitation, to take a quarter only, the remaining quarter, the devise of which was recalled by the codicil was undisposed of by will, and would go to the heirs at law generally; but the devise, instead of being a single quarter to each, in words, is of the whole residue in bulk to

the four, and the revocation as to one of the four simply strikes his name from the clause creating it, leaving it as a devise of the whole to the three.    This follows from the fact that in the one case the proportion of each is defined by express words, and in the other it is not.    As the effect of the codicil is simply to strike out the name of one from the devise, that to the others could not be enlarged, for the language of the instrument as to the remaining three would still be unchanged — one-quarter to each.    When, however, the proportion of each is not declared in words, but is of the whole to the four generally, when the name of one is eliminated, that which originally was to go to four equally, share and share alike, goes to three, for there is no language in the instrument expressly limiting the proportion of each.    If A, B, C and D are named in a deed as grantees, and the proportion of each is undefined in words, when D's name is stricken out, it would then read as a conveyance to the three, and if executed and delivered in that form, it would pass the title to the three.    If, on the other hand, the four, A, B, C and D had been named as grantees, and the deed had further in express words declared that each should have only one-quarter, the erasure of the name of D from the conveyance, without erasing the clause giving to each a quarter, would still leave the instrument expressly declaring that A, B and C should each have a quarter only.    Precisely this is the case before us.    The codicil strikes the name of Charles from the devise, and leaves it perfect as to the three, without any language still remaining therein showing that the others take less than the whole residue.    It is true that as the will reads without the codicil, the mathematical proportion of each of the four named in the residuary clause would be one-quarter, but this mathematical result is not expressed in words, and the question is not what was the original intention of the testator, but what did he intend when he made the codicil?    That intention is to be gathered from the words of the will, as it will read after an amendment which strikes out one name.

So reading this will, as amended by the codicil, we have no trouble, for the devise is then of all to the three, for no words remain which limit the share of each one of the three to one-quarter of the whole.

This construction substantially disposes of all the questions arising upon this part of the will. As, however, it has been claimed that Mrs. Livingston would inherit her father's share under the ninth clause, it may be well to say a word upon that. That clause makes no independent devise to Mrs. Livingston, or any of the grandchildren. In case of the death of any of the children, leaving issue, before a division of the estate, then such issue shall take the share that the child would have taken under such will if he or she had lived. If the child would, if living, have taken nothing under the will, then the issue can take nothing. By the will, as amended by the codicil, Charles S. Heartt would have taken nothing, and as he could not, it is clear that Mrs. Livingston could not.

The next and remaining difficulty in the will is, as to the share of Mary Wright Heartt, one of the daughters. In addition to the provision made for her by the residuary clause in the will, that instrument, in its first item, declares, " I give and bequeath to my daughter, Mary Wright, the use and occupation of the lot and dwelling-house in which I now reside, No. 67 First street, together with all the vacant ground connected thereto, being sixty-six feet eight inches of front on First street, and 130 feet deep, together with all the out-buildings on the same ; also, all my household furniture, beds, bedding, silver plate, books, pictures, as well as every other kind of personal property which may be on the prem-ises of my residence at the time of my decease and belonging to me, except such articles as I may hereinafter otherwise dispose of.

The next clause sets apart securities enough to produce an income annually of $5,000 to be paid to the said Mary Wright in monthly, quarterly or half-yearly payments, as she may elect, to keep up the establishment and pay taxes and insur-

ance so long as she may occupy the premises given to her by the first clause.

For how long a period of time she should have the use of the homestead the will did not provide, and the first clause in the will is the only devise to her of any specific real estate whatever.

The codicil then proceeds : " I also hereby declare that *the* devise of real estate in my said will to my daughter, Mary, is a devise of the same to her for her natural life; and *such* devise to her of all real estate contained in my said will is to be construed and to have effect as a devise of the same to her for her natural life."

It will be observed that. the testator speaks of a single devise of real estate and made emphatic, not only by using the singular number " *devise*," but by calling it " *the* devise " and " *such* devise ; " and this is made the more significant by the previous clause in the codicil in regard to Charles, which revokes and cancels " the devises and bequests " (using the plural) ; and then to make it still more pointed adds, " and each and every of them." The testator surely knew that there were two devises in the will under which Mary Wright could take real estate. He knew the difference between the use of a noun in the plural or singular number. He had made in the will only a single devise to Mary Wright of real estate specifically, and the term of the use of that had not been prescribed. When, under such circumstances, he speaks of " *the* devise of real estate " and of " *such* devise," what could he mean other than *that* devise of real estate, for the length of occupancy of which the will did not provide and for which the codicil did ?

This view is also strengthened by the very apparent objects of the first two items in the will. The house establishment was to be kept up for the common benefit of the family. When Mary, however, to whom this duty was confided, died, it was but just that such homestead, maintained for all, should not go to her heirs alone. It was, therefore, limited to her

Heartt agt. Livingston.

life.    There is this reason for such a provision in the codicil, when applied to this devise, but it fails entirely when applied to the residuary clause.

My construction of this portion of the will and codicil is, that as to Mary Wright Heartt the residuary clause in the will is undisturbed by the codicil.

Findings will be prepared by the attorney in accordance with this opinion, which will be settled on notice.